ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUL 22 2025

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*v.*<br>IKECHUKWU HENRY NWAIWU, MARTIN EZENWIWE, AND OKEM MAX AKIKWU | Criminal Indictment<br>No. 1:25CR-0326<br>**UNDER SEAL** |

THE GRAND JURY CHARGES THAT:

**COUNT ONE**
**Money Laundering Conspiracy**
**18 U.S.C. § 1956(h)**

1. Beginning on a date unknown to the Grand Jury, but from at least in or about September 2017, and continuing through in or about July 2025, in the Northern District of Georgia and elsewhere, the defendants, IKECHUKWU HENRY NWAIWU, MARTIN EZENWIWE, and OKEM MAX AKIKWU, did knowingly combine, conspire, confederate, agree, and have a tacit understanding with each other and others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

a. concealment money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), by knowingly conducting and attempting to conduct financial transactions, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code,

Case 1:25-cr-00320-NXM *SEALED* Document 1 Filed 07/22/25 Page 2 of 13

Section 1341, wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that said transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; and

b. transactional money laundering, in violation of Title 18, United States Code, Section 1957, by knowingly engaging in and attempting to engage in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, knowing that such transactions involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344.

**<u>Background</u>**

At all times relevant to this Indictment:

2. A "business email compromise" (BEC) is a form of cyber-enabled fraud in which victims are deceived into transferring funds to bank accounts controlled

by the perpetrators. The scheme typically involves the use of spoofed email addresses or compromised email accounts, whereby the perpetrators impersonate legitimate business contacts—such as vendors, executives, or clients—to misdirect payments to fraudulent bank accounts established to receive the proceeds of the scheme.

3. A "romance scam" is a type of online fraud in which victims are targeted through internet dating platforms or social media by the perpetrators posing as romantic partners. The perpetrators fabricate personal connections and develop emotional relationships with victims, often exploiting vulnerable individuals with financial resources. Under false pretenses—such as needing money to travel, pay urgent medical expenses, or complete international business deals—victims are induced to send funds to the perpetrators or their associates.

4. An "inheritance scam" is a fraudulent scheme in which victims are contacted—often via email, telephone, or written correspondence—and falsely informed that they are the beneficiaries of a large inheritance. The perpetrators typically impersonate attorneys, bankers, or government officials, and instruct the victim to pay advance fees (such as taxes, legal costs, or transfer charges) or to provide personal and financial information to claim the fictitious inheritance.

5. An "investment scam" is a fraudulent scheme that tricks victims into investing money in a fake or misrepresented opportunity, typically by promising high returns with little or no risk. The perpetrators exploit trust and target victims through various channels such as social media, dating platforms, and unsolicited communications. Tactics often include fake endorsements,

manipulated trading platforms, and so-called "recovery" services designed to extract additional funds from victims.

**Manner and Means**

6. Defendants NWAIWU, EZENWIWE, AKIKWU, and their co-conspirators served as money launderers for others who conducted BEC schemes, romance scams, inheritance scams, and investment scams throughout the United States.

7. Defendants NWAIWU, EZENWIWE, AKIKWU communicated with each other about their efforts to receive, transfer, and conceal proceeds of the BEC schemes, romance scams, inheritance scams, and investment scams through in-person meetings, mobile messaging applications, social media platforms, and other means.

8. To carry out the money laundering conspiracy, Defendants NWAIWU, EZENWIWE, AKIKWU, and their co-conspirators registered the following sham entities with the Georgia Secretary of State. These entities lacked legitimate business operations, physical offices, employees, and income.

| Date (on or about) | Company Name |
|---|---|
| September 25, 2017 | Max Cargo & Freight Carriers LLC |
| September 25, 2018 | Sources Resources LLC |
| November 27, 2021 | Abbey Global Resources, LLC |
| October 17, 2022 | Kervin Equipment Resources LLC |
| October 26, 2022 | Calvert Global Resources LLC |
| March 29, 2023 | Kinox Solutions LLC |
| April 4, 2023 | Quinox Brokerage Services LLC |
| June 7, 2023 | Maxport Trading LLC |
| July 3, 2023 | Meade Global Logistics LLC |
| July 7, 2023 | Lego Procurement & Logistics LLC |

| Date (on or about) | Company Name |
|---|---|
| July 19, 2023 | HN Procurement LLC |
| October 19, 2023 | Jenwill Brokerages Services LLC |
| November 28, 2023 | CRA Sources Resources LLC |

9. After these sham entities were established, Defendants NWAIWU, EZENWIWE, AKIKWU, and their co-conspirators opened bank accounts in the names of the sham entities at multiple financial institutions located within the Northern District of Georgia and elsewhere.

10. Victims of the fraud schemes were directed—by unknown conspirators—to transmit funds via wire transfers, cashier's checks, and personal checks to the bank accounts opened in the names of the sham entities that were controlled by Defendants NWAIWU, EZENWIWE, AKIKWU, and their co-conspirators.

11. Defendants NWAIWU, EZENWIWE, AKIKWU, and their co-conspirators opened, had access to, or received funds from the following bank accounts, among others, in furtherance of the money laundering conspiracy:

a. J.P. Morgan Chase Bank account ending in 8521 (JPMC 8521), opened in the name of Kinox Solutions LLC.

b. J.P. Morgan Chase Bank account ending in 7819 (JPMC 7819), opened in the name of Meade Global Logistics LLC.

c. J.P. Morgan Chase Bank account ending in 3303 (JPMC 3303), opened in the name of Kervin Equipment Resources LLC.

d. J.P. Morgan Chase Bank accounts ending in 3336, 5066, and 3026 (JPMC, 3336, 5066, 3026), opened in the name of Abbey Global Resources LLC.

e. Wells Fargo Bank accounts ending in 0996, 2439, and 0663 (WF 0996, 2439, 0663), opened in the name of Abbey Global Resources LLC.

f. Bank of America accounts ending in 2964 and 5821 (BOA 2964, 5821), opened in the name of Abbey Global Resources LLC.

g. J.P. Morgan Chase Bank accounts ending in 0996 and 2506 (JPMC 0996, 2506), opened in the name of Jenwill Brokerage Services LLC.

h. J.P. Morgan Chase Bank account ending in 9068 (JPMC 9068), opened in the name of Quinox Brokerage Services LLC.

i. J.P. Morgan Chase Bank account ending in 0836 (JPMC 0836), opened in the name of Calvert Global Resources LLC.

j. Bank of America account ending in 6084 (BOA 6084), opened in the name of Calvert Global Resources LLC.

k. J.P. Morgan Chase Bank account ending in 7691 (JPMC 7691), opened in the name of Lego Procurement & Logistics LLC.

l. Synovus Bank accounts ending in 0691, 3613, and 1038 (SB 0691, 3613, 1038) opened in the name of Sources Resources LLC.

m. Bank OZK account ending in 0941 (OZK 0941), opened in the name of HN Procurement LLC.

n. Truist Bank account ending in 3749 (TB 3749), opened in the name of Max Cargo & Freight Carriers LLC.

o. J.P. Morgan Chase Bank account ending in 2689 (JPMC 2689), opened in the name of Maxport Trading LLC.

12. Upon receipt of the fraud proceeds, Defendants NWAIWU, EZENWIWE, AKIKWU, and their co-conspirators engaged in rapid dissipation of the funds, including interstate and international wire transfers, cash withdrawals, and issuance of checks. These transactions were designed to conceal the origin, control, and ownership of the fraud proceeds.

All in violation of Title 18, United States Code, Section 1956(h).

**Counts Two through Forty-Six**
**(18 U.S.C. §§ 1957 and 2 – Money Laundering)**

13. The factual allegations contained in paragraphs 2 through 12 of this Indictment are re-alleged and incorporated as if fully set forth herein.

14. On or about the dates listed below, in the Northern District of Georgia and elsewhere, the defendants, IKECHUKWU HENRY NWAIWU, MARTIN EZENWIWE, and OKEM MAX AKIKWU, aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in the following monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, while knowing that each such transaction involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, wire fraud, in violation of Title 18, United States Code, Section

1343, and bank fraud, in violation of Title 18, United States Code, Section 1344:

| Count | Date (on or about) | Monetary Transaction | Amount |
|---|---|---|---|
| 2 | 1/10/2022 | Withdrawal via check #105 issued to Max Cargo & Freight Carriers from JPMC 3336 | $20,000 |
| 3 | 1/10/2022 | Withdrawal via check #104 issued to Sources Resources LLC from JPMC 3336 | $15,000 |
| 4 | 1/18/2022 | Withdrawal via check #113 issued to Max Cargo & Freight Carriers from JPMC 3336 | $12,000 |
| 5 | 2/19/2022 | Withdrawal via check #184 issued to Sources Resources LLC from JPMC 3336 | $15,000 |
| 6 | 3/23/2023 | Withdrawal via check #104 issued to Sources Resources LLC from JPMC 3303 | $53,000 |
| 7 | 4/11/2023 | Withdrawal via check #110 issued to Max Cargo & Freight Carriers from JPMC 3303 | $50,000 |
| 8 | 4/25/2023 | Withdrawal via check #116 issued to Max Cargo & Freight Carrio from JPMC 3303 | $56,000 |
| 9 | 5/3/2023 | Withdrawal via check #2562 issued to Sources Resources LLC from JPMC 8521 | $36,000 |
| 10 | 5/4/2023 | Withdrawal via check #2564 issued to Sources Resources LLC from JPMC 8521 | $36,800 |
| 11 | 5/5/2023 | Withdrawal via check #2565 issued to Sources Resources from JPMC 8521 | $50,000 |
| 12 | 6/6/2023 | Withdrawal via check #1012 issued to Sources Resources LLC from JPMC 8521 | $13,000 |

| Count | Date (on or about) | Monetary Transaction | Amount |
|---|---|---|---|
| 13 | 6/9/2023 | Withdrawal via check #1013 issued to Sources Resources LLC from JPMC 8521 | $35,000 |
| 14 | 6/23/2023 | Withdrawal via check #1016 issued to Sources Resources LLC from JPMC 8521 | $15,000 |
| 15 | 6/24/2023 | Withdrawal via check #157 issued to Sources Resources LLC from JPMC 9068 | $13,600 |
| 16 | 6/29/2023 | Withdrawal via check #130 issued to Ikechukwu Nwaiwu from JPMC 9068 | $23,500 |
| 17 | 6/30/2023 | Withdrawal via check #124 issued to Sources Resources LLC from JPMC 9068 | $13,600 |
| 18 | 7/5/2023 | Withdrawal via check #161 issued to Sources Resources LLC from JPMC 9068 | $150,000 |
| 19 | 7/5/2023 | Withdrawal via check #162 issued to Sources Resources LLC from JPMC 9068 | $30,000 |
| 20 | 7/21/2023 | Withdrawal via check #133 issued to Max Cargo & Freight Carriers from JPMC 9068 | $30,000 |
| 21 | 7/31/2023 | Withdrawal via check #135 issued to Max Cargo & Freight Carriers from JPMC 9068 | $16,000 |
| 22 | 8/14/2023 | Withdrawal via check #140 issued to Max Cargo & Freight Carriers from JPMC 9068 | $15,000 |
| 23 | 8/15/2023 | Withdrawal via check #141 issued to Max Cargo & Freight Carriers from JPMC 9068 | $70,000 |
| 24 | 8/22/2023 | Withdrawal via check #148 issued to Ikechukwu Nwaiwu from JPMC 9068 | $18,500 |

| Count | Date (on or about) | Monetary Transaction | Amount |
|---|---|---|---|
| 25 | 8/23/2023 | Withdrawal via check #146 issued to Max Cargo & Freight Carriers from JPMC 9068 | $50,000 |
| 26 | 8/30/2023 | Withdrawal via check #111 issued to Max Cargo & Freight Carriers from JPMC 7819 | $31,500 |
| 27 | 8/31/2023 | Withdrawal via check #114 issued to Max Cargo & Freight Carriers from JPMC 7819 | $22,800 |
| 28 | 9/28/2023 | Withdrawal via check #133 issued to Max Cargo & Freight Carriers from JPMC 7819 | $12,970 |
| 29 | 9/19/2023 | Withdrawal via check #129 issued to Max Cargo & Freight Carriers from JPMC 7819 | $37,000 |
| 30 | 10/03/2023 | Withdrawal via check #164 issued to HN Procurement LLC from JPMC 9068 | $35,000 |
| 31 | 10/03/2023 | Withdrawal via check #168 issued to HN Procurement LLC from JPMC 9068 | $60,000 |
| 32 | 10/03/2023 | Withdrawal via check #167 issued to Ikechukwu Nwaiwu from JPMC 9068 | $15,000 |
| 33 | 10/11/2023 | Withdrawal via check #134 issued to Max Cargo & Freight Carriers from JPMC 7819 | $38,500 |
| 34 | 11/14/2023 | Withdrawal via check #142 issued to Max Cargo & Freight Carriers from JPMC 7819 | $49,200 |
| 35 | 11/20/2023 | Withdrawal via check #103 issued to Max Cargo & Freight Carriers from JPMC 0996 | $15,100 |
| 36 | 11/21/2023 | Withdrawal via check #104 issued to Maxport Trading LLC from JPMC 0996 | $25,000 |

| Count | Date (on or about) | Monetary Transaction | Amount |
|---|---|---|---|
| 37 | 11/22/2023 | Withdrawal via check #106 issued to Max Cargo & Freight Carriers from JPMC 0996 | $12,799 |
| 38 | 11/27/2023 | Withdrawal via check #105 issued to Max Cargo & Freight Carriers from JPMC 0996 | $29,700 |
| 39 | 12/7/2023 | Withdrawal via check #117 issued to Max Cargo & Freight Carriers from JPMC 0996 | $20,000 |
| 40 | 12/8/2023 | Withdrawal via check #129 issued to Max Cargo & Freight Carriers from JPMC 0996 | $16,000 |
| 41 | 12/14/2023 | Withdrawal via check #133 issued to Max Cargo & Freight Carriers from JPMC 0996 | $27,000 |
| 42 | 12/15/2023 | Withdrawal via check #134 issued to Max Cargo & Freight Carriers from JPMC 0996 | $30,000 |
| 43 | 12/19/2023 | Withdrawal via check #136 issued to Max Cargo & Freight Carriers from JPMC 0996 | $30,000 |
| 44 | 12/20/2023 | Withdrawal via check #139 issued to Max Cargo & Freight Carriers from JPMC 0996 | $104,000 |
| 45 | 12/21/2023 | Withdrawal via check #114 issued to Maxport Trading LLC from JPMC 0996 | $54,000 |
| 46 | 12/28/2023 | Withdrawal via check #156 issued to Ikechukwu Nwaiwu from JPMC 0996 | $52,000 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

**<u>Forfeiture Provision</u>**

15. Upon conviction of one or more of the offenses alleged in Counts One through Forty-Six of this Indictment, the defendants, IKECHUKWU HENRY

NWAIWU, MARTIN EZENWIWE, and OKEM MAX AKIKWU shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property, including, but not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Forty-Six of this Indictment.

16. If, as a result of any act or omission of a defendant, any property subject to forfeiture:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without undue complexity or difficulty;

the United States of America intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendants up to the value of the forfeitable property.

A ______________________ BILL

______________________
FOREPERSON

THEODORE S. HERTZBERG
*United States Attorney*

JEFFREY A. BROWN
*Assistant United States Attorney*
Georgia Bar No. 088131

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181